IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRI BAKER  \*
\*
v.  \* Civil No. JFM-02-3239
\*
GREYHOUND BUS LINE  \*
RAY ROBINSON  \*
\*\*\*\*\*

MEMORANDUM

Plaintiff has brought this *pro se* action against Greyhound Lines, Inc. and Ray Robinson. Defendants have filed a motion to dismiss to which plaintiff has responded. The motion will be granted.

Plaintiff apparently claims that she was discriminated against because she is albino. Her claim fails as a matter of law.

Title II of the Civil Rights Act of 1964 creates a private cause of action for discrimination based on race and places of public accommodation. Buses, however, do not appear to be a "place of public accommodation" within the meaning of Title II. See 42 U.S.C. §2000(a)(b) (defining places of public accommodation to include lodging establishments, food consumption establishments, exhibition or other entertainment establishments and establishments located within the premises of the previously listed three establishments which serves patrons of those establishments.) *See also Huggar v. Northwest Airlines, Inc.*, 1999 U.S. Dist. LEXIS 1026 (N.D. Ill. Jan. 26, 1999); *McAllister v. Greyhound Lines, Inc.*, 1997 U.S. Dist. LEXIS 16177 at \*22, n.9 (D.N.J. Oct. 7, 1997). In any event, "albinism" is not a race.

Likewise, albinism does not constitute a disability within the meaning of the Americans With Disabilities Act. It does not appear to be a "cosmetic disfigurement" within the meaning of

the definition of "physical or mental impairment" within the Justice Department's ADA regulations. Moreover, even if it were, there is no allegation whatsoever in the complaint or in the documents incorporated into it which suggest that plaintiff is limited in any way in any major life activity.

Finally, assuming that Greyhound is a "public accommodation" within the meaning of Maryland Code Article 49B §5 which prohibits discrimination in places of public accommodation, there is no private right of action under Article 49B. *See Westray v. The Porthole, Inc.*, 586 F. Supp. 834 (D. Md. 1984).

A separate order dismissing plaintiff's complaint is being entered herewith.

Date: January 14, 2003

_____
J. Frederick Motz
United States District Judge